IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA  '

Plaintiff  '

vs  '  CRIMINAL 91-0170CCC

LUIS SOLTERO-LOPEZ  '
CARLOS PAGAN-SAN-MIGUEL
JOSE PEREZ-PEREZ, aka PUCHO  '
ERIC RODRIGUEZ-BAEZ
RAFAEL PAVA-BUELBA  '
EDGAR GONZALEZ-VALENTIN
RAUL LUGO-MAYA  '
JONAS CASTILLO-RAMOS
JULIO LUCIANO-MOSQUERA and  '
JOSE NUÑEZ-RODRIGUEZ
OSCAR MONTALVO a/k/a  '
OSCAR FONTALVO
  '

Defendants

## OPINION AND ORDER

  Petitioner Carlos Pagán-San Miguel (hereinafter, "Petitioner" or "Petitioner Pagán-San Miguel") has filed a <u>pro se</u> motion captioned All Writs Act Motion Under Title 18 U.S.C. Section 1651 (**docket entry 530**).[1] The government has filed a Response in Opposition Motion Pursuant to 28 U.S.C. Section 1651(a) (docket entry 532). For the reasons stated below, Petitioner Pagán-San-Miguel's motion pursuant to Title 28 U.S.C. Section 1651 is hereby DENIED.

## I. BACKGROUND

  On March 19, 1992, Petitioner Pagán-San Miguel was found guilty of conspiracy to import cocaine, in violation of 21 U.S.C. Sections 960 and 963 (Count 1); importing 232.8 kilograms of cocaine, in violation of 21 U.S.C. Section 952 and 18 U.S.C. Section 2 (aiding and abetting) (Count 2); possessing the cocaine with intent to distribute, in violation of 21

---

  [1] The Court assumes that Petitioner seeks relief pursuant to the All Writs Act codified under Title 28, not Title 18.

CRIMINAL 91-0170CCC                    2

U.S.C. Section 841(a)(1) and 18 U.S.C. Section 2 (Count 3); and of knowingly carrying or aiding and abetting the carrying of firearms in relation to the drug trafficking crime of importing the cocaine, in violation of 18 U.S.C. Section 924(c)(1) and 18 U.S.C. Section 2 (Counts 4 and 5).  Petitioner was  sentenced on Counts 1,2 and 3 to a term of imprisonment of 360 months.   On Count 4 he was sentenced to 360 months of imprisonment to be served consecutively to the terms of imprisonment imposed on Counts 1, 2 and 3.  Count 5 was dismissed.[2]  Petitioner appealed and on August 28, 1995 judgment was entered affirming the convictions.  While the appeal was pending, petitioner filed a motion under 28 U.S.C. Section 2255 to vacate and set aside the judgment which was denied by the Court on the merits.  Docket entry  346.  The Court of Appeals affirmed said denial. Docket entry 387.  On February 4, 1997, petitioner filed a pleading entitled "Moción para extensión de tiempo" ("Motion for Extension of Time") (docket entry 440) alleging that he needed between 90-120 days to complete a Section 2255 motion.  On February 27, 1997 the Court construed said motion as a request to file a second or successive habeas petition and denied the request.  On April 8, 1997, the Court of Appeals denied petitioner's request for authorization to file a second or successive Section 2255 motion (docket entry  453).  On August 25, 1999, petitioner filed a "Motion for Leave to File 28 U.S.C. Section 2255 Action" alleging that he never filed a Section 2255 motion (docket entry 495).  On September 2, 2009,  the Court denied said motion stating that the Court of Appeals had already denied petitioner's request for authorization to file a second or successive Section 2255 motion (docket entry 497).  The Court also  indicated that petitioner had filed a motion to vacate and set aside judgment (docket entry 346) which was denied by the Court on the merits (docket entry 363) and the denial was in turn affirmed by the Court of Appeals  (docket entry 387). See docket entry 497.  In his present pro se motion, defendant requests that his sentence be vacated in light of the Supreme Court holding in United States v. Booker, 125 S. Ct. 738 (2005).

---

[2]   See United States v. Julio Luciano-Mosquera, 63 F. 3d 1142 (1st Cir. 1995).

## II. DISCUSSION

Pursuant to the All Writs Act, 28 U.S.C. Section 1651(a), an individual may file a petition for writ of error coram nobis in the court in which he was convicted.  The writ is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his criminal conviction.  United States v. Hatten, 167 F.3d 884, 87 (5th Cir.1999); United States v. Cheshire, 2007 WL 268768 (N.D. Tex).  It is used "to attack a judgment that was infirm at the time it was issued, for reasons that later came to light.  United States v. Reyes, 945 F.2d 862, 863 (5th Cir. 1991); United States v. Brooks, 2007 WL 323882 (D.Colo.).  Coram nobis relief may be granted only if the petitioner can satisfy the following four criteria: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of article III; and (4) the error is of the most fundamental character." United States v. Shihadeh, 2007 WL 325797 (E.D. Wis.); citing Hirabayashi v. United States, 828 F. 2d 591, 604 (9th Cir. 1984) (internal quotations omitted).

A convicted defendant who is in federal custody and claims that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or otherwise subject to collateral attack , may obtain relief under 28 U.S.C. Section 2255.  Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468 (1962).  When a statute like Section 2255 specifically addresses a particular class of claims or issues, it is that statute, not the All Writs Act, that takes precedence.  Trenkler v. United States, 536 F.3d 85,97 (1st Cir. 2008).  Any motion filed in the district court that imposed the sentence, and substantively within the scope of Section 2255, is a motion under Section 2255, no matter what tittle the prisoner uses in the cover.  Id.; Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

A close analysis of the substance of the petition in the present case leaves no doubt but that, regardless of its label, the petition falls within the compass of Section 2255.  On its face, the petition is brought on behalf of a federal prisoner still in custody and who challenges

CRIMINAL 91-0170CCC                          4

his sentence due to a subsequent change in the law.  This is a classic habeas corpus scenario within the scope provided by Section 2255 and thus, we will proceed accordingly.

In order to submit a successive habeas petition, the defendant must comply with the certification requirements contained in 28 U.S.C. Section 2255 and 2244(a)(3), and obtain leave from the Court of Appeals.  Petitioner's requests for authorization to file successive Section 2255 petitions  have already been denied by the Court of Appeals and this Court (docket entry 497).  Thus, Petitioner has failed to comply with the requirements of section 28 U.S.C. Section 2255 and 2244(a)(3).

## III. CONCLUSION

For the reasons stated, Petitioner **Carlos Pagán-San-Miguel's** Motion is hereby **DENIED**

SO ORDERED.

At San Juan, Puerto Rico, on February 4, 2010.

S/CARMEN CONSUELO CEREZO
United States District Judge